IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INNOVATION LAW LAB,
Plaintiff,

v.                                                                  No. 2:22-cv-00443-SMV-KRS

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,
Defendant.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

### I.     Introduction

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, to enjoin U.S. Immigration and Customs Enforcement (ICE) from unlawfully withholding records that must be produced to Plaintiff in response to its pending Freedom of Information Act (FOIA) request which included a request for expedited processing. Defendant objects to this motion. Defendant received the FOIA request and, prior to the filing of the complaint, was processing it in a timely fashion. Defendant will expedite the FOIA request but cannot commit to a thirty-day (30) turnaround time based on the limitation of staffing and the large number of requests that are being worked on by its limited staff. Because of staffing and workload conditions at ICE FOIA and the Plaintiff's failure to demonstrate irreparable harm if an injunction does not issue, standing alone, is sufficient basis to deny a preliminary injunction; and because Plaintiff is unlikely to succeed on the merits, an injunction pursuant to 25 U.S.C. § 5331(a) is also unwarranted. Defendant respectfully requests that the Court deny Plaintiff's motion.

## II.     Applicable Law

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888 (10th Cir. 1989); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). To justify this extraordinary remedy, "the movant must establish that four equitable factors weigh in its favor: (1) it is substantially likely to succeed on the merits; (2) it will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Beltronics USA, Inc. v. Midwest Inventory Distrib., L.L.C.*, 562 F.3d 1067, 1070 (10th Cir. 2009); *see also Winter*, 555 U.S. at 20. These prerequisites do not establish a balancing test; rather, as the Tenth Circuit has held, each must be satisfied independently, and the strength of one cannot compensate for the weakness of another. *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016) ("Under *Winter's* rationale, any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible.").

The limited purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The Tenth Circuit has identified three types of preliminary injunctions that do not serve this purpose: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a

full trial on the merits." *O Centro Espirita Beneficente Uniao do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc) (per curiam), *aff'd and remanded on other grounds sub nom. Gonzalez v. O Centro Espirita Beneficente Uniao do Vegetal*, 544 U.S. 973 (2005).  A preliminary injunction that falls into any of these three categories is "specifically disfavored" and "a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms and may not rely on [the Tenth Circuit's] modified likelihood-of-success-on-the-merits standard." *Id.* at 975-76. "The burden on the party seeking a preliminary injunction is especially heavy when the relief sought would in effect grant plaintiff a substantial part of the relief it would obtain after a trial on the merits." *GTE Corp. v. Williams*, 731 F.2d 676, 679 (10th Cir. 1984).

### III.   Argument

**1.   Plaintiff Will Not Suffer Irreparable Injury Absent a Preliminary Injunction**

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction," and therefore "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (quoting *Reuters, Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)). To show irreparable harm, a plaintiff must "demonstrat[e] 'a significant risk that [it] will experience harm that cannot be compensated after the fact by monetary damages.'" *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003)). "To constitute irreparable harm, an injury must be

certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). "[T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (quoting *Wisc. Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C. Cir. 1985)).

Plaintiff claims that detainees will suffer needlessly by remaining in custody in the facility at issue here, but it fails to show any specific harm that has occurred or that harm is certain to happen. Further, Plaintiff's argument rests on the theoretical harm that could be caused to a third party, not to Plaintiff. Plaintiff's only justification for demonstrating irreparable harm to Plaintiff is that delay would interfere with its ability to advocate for theoretical clients. The Plaintiff speaks in generalities citing to the U.S. Department of Homeland Security report and demonizing the response of ICE to the report. In order to prevail in its extraordinary motion, the law requires specificity which is not shown here. Plaintiff has submitted no evidence of actual harm being suffered by third parties who are not a party to this FOIA litigation and have only speculated that delay in receiving records would limit its ability to advocate for potential clients in the future.

Plaintiff has another FOIA matter to which ICE has agreed to process pages on a rolling basis to complete the transmission of responsive documents to the Plaintiff in that matter. Defendant was in the process of conducting the searches for records responsive to Plaintiff's FOIA request prior to the filing of the complaint in this case. This Court could have made a similar order in this case without the filing of the motion for preliminary injunction. In fact, Defendant has agreed to expedite any remaining

4

searches and have those complete within 30 days, and further, would produce the records already uncovered during the search within 30 days.

Plaintiff's failure to demonstrate irreparable injury is in itself an independently sufficient ground for denying its motion. Here the Court does not need to consider the remaining preliminary injunction factors. Further, with ICE's commitment to provide documents as fast as possible, any irreparable injury claimed by Plaintiff, if any. is fully addressed. In order for the Court to grant the motion here, "the injury must be both certain and great; it must be actual and not theoretical." *Wis. Gas Co. v. Fed. Energy Regul. Com., 758 F.2d 669, 674 (D.C. Cir. 1985)*

**Plaintiff Is Unlikely to Succeed on the Merits of Its Claims**

FOIA matters are not the typical types of litigation that would call for the granting of a preliminary injunction. By their very nature, the plaintiffs who file a FOIA matter in a district court have for the most part already prevailed when they file their complaint. All filings of complaints accomplish the moving of the request to the front of the line for processing. By allowing a preliminary injunction in this matter, it would only embolden requestors to further file injunctions to propel their case past those who have filed an action in district courts. This would further delay the processing of FOIA requests that don't avail themselves of active litigation. Each government agency has a FOIA unit that is tasked with addressing the public's FOIA requests. Each agency staffs this unit with personnel and often times these units, like many government agencies themselves, are understaffed.[1]  Between FY 2017 and FY 2020, the ICE FOIA Office experienced

---

[1] The ICE FOIA Litigation Processing Unit's workload has increased such that it is currently processing approximately 174 active FOIA litigations as of the date of this declaration and of which approximately 65 have rolling productions. ICE's normal processing rate for cases in litigation is 500 pages per month. This yields a

approximately a 240% increase in FOIA requests. The ICE FOIA Office currently has 20 FOIA specialists dedicated to processing FOIA requests solely at the administrative level. The processors are responsible for responding to the original FOIA requests and, if necessary, reprocessing remands on appeal. In FY 2020, these FOIA processors completed and closed out 79,081 FOIA requests. Thus, creating a larger backlog of hundreds of FOIA requests, with a typical request taking much longer to obtain the requested documents than the statute allows. See Exhibit 1 attached to this response. In the cases that generate action in district court, the requestors' request is advanced forward for faster processing. This is not what Congress intended but it is the reality of the situation. In this matter ICE did not timely address the request for expedited relief, but upon the filing of the complaint, the request was advanced and has now been addressed with ICE agreeing to process the request and begin transmitting documents to the Plaintiff within 30 days. Without knowing how many documents are at issue, however, it is impossible to determine how long this will take and whether staffing is sufficient if large numbers of responsive documents are found to fully process the request. Even without this motion's filing the situation would have occurred.

2. **The Equities and the Public Interest Tilt Against Preliminary Injunctive Relief**

A party seeking a preliminary injunction must also "establish . . . that the balance of equities tips in [its] favor, and that [the] injunction is in the public interest." *Winter*, 555 U.S. at 20. These factors merge when a plaintiff seeks an injunction against the federal government. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). Plaintiff suggests there is

---

monthly litigation review of approximately 32,500 pages and an average of 13,500 pages released every month. Based on this workload, each paralegal reviews approximately 10,800 pages per month.

no harm in an injunction mandating that ICE expedite the processing of its FOIA request with all responsive documents being produced within 30 days. However, as noted above, ICE at this point has no idea how many responsive documents exist and what if any exemptions may apply and claimed by ICE prior to the release of those documents. ICE is processing many requests, all important to the various requestors. Requiring Defendant to process the results of the search in this case within 30 days would divert limited resources to Plaintiff's FOIA request at the expense of other FOIA requesters. Staffing is low and volume is high, however, ICE is committed to providing the information requested in a timely manner in this case. A 30-day turn around period, however, is unreasonable.

### Conclusion

Plaintiff has not shown it is entitled to a preliminary injunction. Defendants respectfully request that the Court deny Plaintiff's motion.

    Respectfully submitted,

    ALEXANDER M.M. UBALLEZ
    United States Attorney

    */s/ MANUEL LUCERO 6/24/2022*
    MANUEL LUCERO
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, New Mexico 87103
    manny.lucero@usdoj.gov
    *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2022, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel of record to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ MANUEL LUCERO 6/24/2022*
MANUEL LUCERO
Assistant United States Attorney