IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INNOVATION LAW LAB,

    Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Defendant.

No. 22 cv 443 KG/KRS

### DEFENDANT'S ANSWER

COMES NOW, THE UNITED STATES OF AMERICA, by and through Alexander M.M. Uballez, United States Attorney for the District of New Mexico, and Manuel Lucero, Assistant U.S. Attorney, and hereby respectfully files this Answer to Plaintiff's Original Complaint in the above-styled and numbered action. In support hereof, Defendant, without waiving any defenses or affirmative defenses to which Defendant may be entitled, hereby admits, denies, and affirmatively asserts as follows:

### I. PRELIMINARY STATEMENT[1]

1. The allegations in Paragraph 1 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of Inspector General

---

[1] Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

    2.  The allegations in Paragraph 2 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that ICE did not remove all detainees from the Torrance County Detention Facility after the DHS OIG Management Alert, and otherwise denies Plaintiff's characterizations.

    3.  Defendant lacks sufficient information to admit or deny the allegation contained in the first sentence of Paragraph 3.  With respect to the allegations contained in the second sentence of Paragraph 3, Defendant admits that Plaintiff submitted a FOIA request dated May 3, 2022, and denies the remaining allegations.

    4.  Paragraph 4 is a Characterization of Plaintiff's action, as to which no response is necessary.  If a response is required, Defendant would deny the same.

## II. JURISDICTION AND VENUE

    5.    Admit.

    6.    Admit.

**III. PARTIES**

7. Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 7 of the Complaint.

8. Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 8 of the Complaint.

9. Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 9 of the Complaint.

10. Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 10 of the Complaint.

11. Admit.

12. Admit.

**IV. FACTS**

13. The allegations in Paragraph 13 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that ICE entered into an Intergovernmental Service Agreement (IGSA) with Torrance County in 2019.

14. The allegations in Paragraph 14 do not pertain to factual information about the FOIA request at issue in this action, therefore no response

is required to this paragraph. To the extent that a response is required, Defendant admits that Torrance County entered into an agreement with CoreCivic in 2019 to detain civil immigration detainees pursuant to the IGSA.

15. Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 15 of the Complaint.

16. Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 16 of the Complaint.

17. Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 17 of the Complaint.

18. Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that ICE issued a Contract Discrepancy Report in December 2020, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

20. Deny.

21. Admit.

22. The allegations in Paragraph 22 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of Inspector General issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

23. The allegations in Paragraph 23 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of Inspector General issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

24. The allegations in Paragraph 24 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of Inspector General issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

25. The allegations in Paragraph 25 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of Inspector General issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

26. The allegations in Paragraph 26 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of Inspector General issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

27. The allegations in Paragraph 27 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of Inspector General issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

28. The allegations in Paragraph 28 do not pertain to factual information about the FOIA request at issue in this action, therefore no response

is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of Inspector General issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

29. The allegations in Paragraph 29 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of Inspector General issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

30. The allegations in Paragraph 30 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of Inspector General issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

31. The allegations in Paragraph 31 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of

Inspector General issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

32. The allegations in Paragraph 32 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that the U.S. Department of Homeland Security Office of Inspector General issued a Management Alert on March 16, 2022, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

33. The allegations in Paragraph 33 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 33 of the Complaint.

34. The allegations in Paragraph 34 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 34 of the Complaint.

35. The allegations in Paragraph 35 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 35 of the Complaint.

36. The allegations in Paragraph 36 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 36 of the Complaint.

37. Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that ICE did not remove all detainees from the Torrance County Detention Facility after the DHS OIG Management Alert, and otherwise denies Plaintiff's characterizations.

39. The allegations in Paragraph 39 do not pertain to factual information about the FOIA request at issue in this action, therefore no response

is required to this paragraph. To the extent that a response is required, Defendant denies the allegations.

40. The allegations in Paragraph 40 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that ICE issued a Contract Discrepancy Report in December 2020, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

41. The allegations in Paragraph 41 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that ICE issued a Contract Discrepancy Report in December 2020, and respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

42. The allegations in Paragraph 42 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant denies the allegations.

43. Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 43 of the Complaint.

44. Defendant, at this time, does not have knowledge or information sufficient to either admit or deny the allegations as set forth in Paragraph 44 of the Complaint.

45. Admit.

46. The allegations in Paragraph 46 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant respectfully refer the Court to the cited document for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

47. The allegations in Paragraph 47 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant respectfully refer the Court to the cited Inspection Report for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

48. The allegations in Paragraph 48 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant respectfully refer the Court to the cited Inspection Report for a true and complete statement of its contents, and otherwise denies Plaintiff's characterizations.

49. The allegations in Paragraph 49 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that TCDF detained individuals in ICE custody, and otherwise denies Plaintiff's characterizations.

50. The allegations in Paragraph 50 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that TCDF detained individuals in ICE custody, and otherwise denies Plaintiff's characterizations.

51. The allegations in Paragraph 51 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that TCDF detained individuals in ICE custody, and otherwise denies Plaintiff's characterizations.

52. The allegations in Paragraph 52 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required, Defendant admits that TCDF detained individuals in ICE custody, and otherwise denies Plaintiff's characterizations.

53. The allegations in Paragraph 53 do not pertain to factual information about the FOIA request at issue in this action, therefore no response is required to this paragraph. To the extent that a response is required,

Defendant admits that TCDF detained individuals in ICE custody, and otherwise denies Plaintiff's characterizations.

54. Defendant admits that Law Lab has submitted requests for parole to ICE, and denies the remaining allegations contained in Paragraph 54.

55. Admit.

56. Admit.

57. Admit.

60.[2] Admit.

61. Admit.

62. Admit as of the filing of the Complaint, June 13, 2022.

63. Admit as of the filing of the Complaint, June 13, 2022.

64. Admit as of the filing of the Complaint, June 13, 2022.

65. Admit as of the filing of the Complaint, June 13, 2022.

66. Admit as of the filing of the Complaint, June 13, 2022.

67. Admit as of the filing of the Complaint, June 13, 2022.

**V. CLAIMS FOR RELIEF**

68. Defendant repeats and re-alleges its answers as if fully incorporated herein.

69. Paragraph 69 is Plaintiff's legal conclusion to which no response is necessary, however, if a response is necessary, Defendant would deny the same.

---

[2] Plaintiff did not include Paragraphs 58 and 59 in their Complaint, so Defendant is skipping them in our Answer.

70. Paragraph 70 is Plaintiff's legal conclusion to which no response is necessary, however, if a response is necessary, Defendant would deny the same.

71. Paragraph 71 is Plaintiff's legal conclusion to which no response is necessary, however, if a response is necessary, Defendant would deny the same.

72. Admit.

73. Defendant repeats and re-alleges its answers as if fully incorporated herein.

74. Paragraph 74 is Plaintiff's legal conclusion to which no response is necessary, however, if a response is necessary, Defendant would deny the same.

75. Paragraph 75 is Plaintiff's legal conclusion to which no response is necessary, however, if a response is necessary, Defendant would deny the same.

76. Paragraph 76 is Plaintiff's legal conclusion to which no response is necessary, however, if a response is necessary, Defendant would deny the same.

77. Paragraph 77 is Plaintiff's legal conclusion to which no response is necessary, however, if a response is necessary, Defendant would deny the same.

78. Paragraph 78 is Plaintiff's legal conclusion to which no response is necessary, however, if a response is necessary, Defendant would deny the same.

## VII. REQUEST FOR RELIEF

The remainder of Plaintiff's Complaint constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendant denies the allegations and denies the Plaintiff is entitled to the relief it seeks, or to any relief at all.

All allegations not specifically responded to above are denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim on which relief can be granted.

2. The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized by statute under FOIA, 5 U.S.C. § 552.

3. The FOIA request that is the subject of this lawsuit implicates certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required

4. There is no provision of the FOIA for obtaining declaratory relief. At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

5. Defendant has, or may have, additional affirmative defenses which are not known to it at this time, but which may be ascertained through discovery. Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery. Defendant reserves the right to raise additional defenses that become apparent through the factual development of the case.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Answer be deemed good and sufficient and all claims by Plaintiff against Defendant be dismissed, with prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded Defendant.

Respectfully submitted,

ALEXANDER M.M. BALLEZUNITEDSTATES ATTORNEY DISTRICT OF NEW MEXICO

**/s/ Electronically filed July 19, 2022**
Manuel Lucero
Assistant United States Attorney
P.O. Box 607
201 3rd St. NW Suite 900
Albuquerque, NM 87103
Office (505) 224-1467
Facsimile (505) 346-7296
Manny.lucero@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2022, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Manuel Lucero 7/19/22*
MANUEL LUCERO
Assistant United States Attorney